UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

XIAOYU CHEN, et al.,

          Plaintiffs,

   v.

BELLEVUE SCHOOL DISTRICT,

          Defendant.

CASE NO. C24-5616 BHS

ORDER ON MOTION TO RECUSE

THIS MATTER is before the Court on pro se plaintiffs Xiaoyu Chen and Stephen Valentinetti's Motion to "Recuse Judge Settle due to Confirmatory Bias & Selective Information Processing," Dkt. 9. The case was filed July 31, 2024. Dkt. 1. There is a pending motion to dismiss, Dkt. 6, but the Court has not entered any orders in the case.

Nevertheless, plaintiffs baldly assert that "Judge Settle's clerks (who previously dismissed a case) and the Court Clerks persuaded and paid by Evergreen Trails attorneys before Judge Settle ever sees the case or makes a ruling." Dkt. 9 at 1.

These accusations are baseless. The allegation that "Evergreen Trails" is paying the Court's clerks is patently false. Evergreen Trails is not a party, and its name does not appear in plaintiffs' complaint, Dkt. 1. It is equally false that Evergreen Trails "make[s]

ORDER - 1

and sign[s] documents & decisions by the Judge Settle that he has never seen," Dkt. 9 at 2. Finally, plaintiffs have failed to address, much less meet, the standard for recusal.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993); 28 U.S.C. § 144; *see also* 28 U.S.C. § 455. This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). "In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994).

Under the Local Rules of this District, a motion for recusal is addressed first to the presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the chief judge for review. *See* LCR 3(e).

The Court will not recuse voluntarily in response to false and baseless allegations. Under LCR 3(e), this Matter is **REFERRED** to Chief Judge Estudillo for review. Defendant Bellevue School District's motion to dismiss, Dkt. 6, is **RE-NOTED** for Friday, October 18.

**IT IS SO ORDERED**.

//

1 | Dated this 8th day of October, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3