|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| XIAOYU CHEN,<br><br>            Plaintiff,<br>   v.<br><br>BELLEVUE SCHOOL DISTRICT et al.,<br><br>            Defendant. | CASE NO. 3:24-cv-05616-BHS<br><br>ORDER AFFIRMING DENAIL OF RECUSAL (DKT. NO. 12) |

This matter comes before the Court on Judge Settle's denial (Dkt. No. 12) of Plaintiffs' motion for recusal (Dkt. No. 9).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."  Accordingly, this Court now reviews Judge Settle's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENAIL OF RECUSAL (DKT. NO. 12) - 1

1 bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Although Plaintiffs' motion for recusal is not a picture of clarity, it appears to allege that Judge Settle's clerks are being paid by Evergreen Trails attorneys to dismiss cases "before Judge Settle ever sees the case or makes a ruling."  (Dkt. No. 9 at 1.)  As Judge Settle noted, is not clear who or what "Evergreen Trails" is, as the entity is not a party to the case and the name does not appear in the complaint.  (*See* Dkt. No. 1.)  In denying the motion to voluntarily recuse, Judge Settle concluded that "[t]he allegation that 'Evergreen Trails' is paying the Court's clerks is patently false."  (Dkt. No. 12 at 2.)  Accordingly, the court declined to recuse "in response to false and baseless allegations."  (*Id*. at 3.)  The Court agrees that a reasonable person would not harbor doubts about Judge Settle's impartiality based on Plaintiff's unsubstantiated account of an unknown entity allegedly paying off judicial clerks.  Plaintiff has failed to put forth any facts in support of these serious allegations.

Accordingly, the Court AFFIRMS Judge Settle's denial (Dkt. No. 12) of Plaintiff's motion for recusal (Dkt. No. 9).

1 | Dated this 11th day of October, 2024.

David G. Estudillo
United States District Judge